| CASE NO. | SUMMONS NO. | |
|---|---|---|
| CV17877960 | D1 CM | 31840360 |

Rule 4 (B) Ohio
Rules of Civil Procedure

**SUMMONS**

| | |
|---|---|
| CAITLIN GOODWIN | **PLAINTIFF** |
| VS | |
| B A LULAROE LLR, INC. D | **DEFENDANT** |

LLR, INC. DBA LULAROE
CARE OF INCORP SERVICES, INC.
5716 CORSA AVENUE, STE. 110
WESTLAKE VILLAGE CA 91362

Said answer is required to be served on:



Plantiff's Attorney

FRANK A BARTELA
60 SOUTH PARK PLACE

PAINESVILLE, OH 44077-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DANIEL GAUL
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



| DATE | |
|---|---|
| Mar 28, 2017 | By_____ |
| | Deputy |

COMPLAINT FILED    03/28/2017

EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
March 27, 2017 17:08

By: FRANK A. BARTELA 0088128

Confirmation Nbr. 1024460

CAITLIN GOODWIN     CV 17 877960

    vs.

LLR, INC. D/B/A LULAROE     Judge: DANIEL GAUL

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **CAITLIN GOODWIN**<br>individually and on behalf of all others similarly situated,<br>577 Brigton Drive<br>Berea, OH 44017<br><br>Plaintiff,<br><br>vs.<br><br>**LLR, INC. D/B/A LULAROE**<br>**C/O INCORP SERVICES, INC.**<br>5716 Corsa Ave, Ste. 110<br>Westlake Village, CA 91362<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT** |

Now comes Caitlin Goodwin, individually and as a representative of all others similarly situation, and for her Class Action Complaint states:

## INTRODUCTION

1. This is a class action brought by Caitlin Goodwin, individually and as a putative class representative, against Defendant LLR, Inc. (herein "Defendant"). Defendant manufactures, distributes, and sells clothing under the LuLaRoe label through retailers chosen by Defendant referred to by Defendant as "Independent Fashion Consultants."

2. The retailers sell Defendant's LuLaRoe products at prices whose range is set by Defendant.

3. The product is complete when it leave the factory and remains in the same packaging from Defendant and the marketer does not open or change the product in any way, and it reaches the consumer in the same packaging and condition as it left the manufacturer.

4.     Recently, Defendant admitted that its "special brushing" manufacturing and processing technique used to make the leggings "buttery soft" actually "weakens" the fibers in these leggings, causing them to rip, tear, and form holes nearly immediately.

5.     Defendant is aware of this defect in the LuLaRoe leggings.

6.     Notwithstanding its knowledge of this defect, Defendant and its retailers have refused to refund to consumers the purchase price of the defective leggings and have continued to sell the defective products.

7.     This action is brought to recover the purchase price of the LuLaRoe leggings for consumer purchasers of the product.

## PARTIES

8.     Plaintiff Caitlin Goodwin is an individual and resident of Cuyahoga County, Ohio.

9.     Defendant LLR, Inc. is a company incorporated in Wyoming and headquartered in California.

10.    Defendant sells shirts, skirts, dresses, and leggings to more than 35,000 retailers across the United States. The retailers sell the products to the consumer for Defendant, typically at "pop-up boutiques" hosted at the homes of friends, relatives, and acquaintances.

## JURISDICTION

11.    This court has personal jurisdiction over Defendant because Defendant transacts business in the state of Ohio, including shipping the product which is the subject of this suit into Ohio and deriving substantial revenue from sales of such product in Ohio on a persistent and regular basis. RC 2307 et seq.

## FACTS

12. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

13. On or about January 28, 2017, Plaintiff purchased a pair of Defendant's LuLaRoe leggings from one of Defendant's retailers.

14. Shortly after receiving the leggings, and *before* wearing them, Plaintiff discovered a hole in them.

15. On or about February 7, 2017, Plaintiff requested a refund from the retailer.

16. The retailer refused the refund request for the defective product because "[Defendant] doesn't allow it." See below.

> I'm so sorry. Unfortunately I can't do refunds. LuLaRoe doesn't allow it. I can

17. Plaintiff also was unsuccessful in getting a refund from Defendant.

18. Defendant is aware of and has acknowledged the defect in its LuLaRoe leggings.

19. In an email to its retailers, Defendant's head of production told them that 'the leggings may get holes because we weaken the fibers to make them buttery soft and that we have done all we can to fix them. The best solution would be to no longer use the brushing technique, but then they're not buttery soft.' [1]

20. Despite this, Defendant continues to manufacture these defective leggings using this brushing technique and to sell them in that defective condition.

21. Defendant has not informed Plaintiff or class members about the defect.

---

[1] See http://www.businessinsider.com/lularoe-admits-leggings-are-tearing-holes-2017-3 (last viewed March 1, 2017)

22.     Plaintiff and class members would have not purchased the leggings if they had known they were defective.

## CLASS ALLEGATIONS

23.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

24.     Plaintiff brings this action on behalf of herself and for all other persons similarly situated residing in the U.S. who during the class period purchased LuLaRoe leggings manufactured outside of the United States during the class period. This class excludes the Defendant's personnel and its retailers; all court personnel involved in this suit; and any person suing Defendant in any court for alleged defects in LuLaRoe leggings.

25.     This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

26.     The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole, including:

   a. Whether Defendant's leggings were defective;

   b. Whether the defect was present at the time it left the hands of the Defendant;

   c. Whether Plaintiff and class members are entitled to relief as a result of the defect.

27.     Defendant has engaged in the same conduct with respect to all class members.

28.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of class members, and the claims, defenses, and injuries of each class member are typical of those of the entire class.

29. Representative Plaintiff will fully and adequately protect and represent the entire class, and all putative class members.

30. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

31. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

32. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

### FIRST CLAIM FOR RELIEF
**(Breach of Implied Warranty in Tort)**

33. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

34. Plaintiff asserts this cause of action on behalf of herself and class members.

35. Defendant's LuLaRoe leggings are defective.

36. The fabric of the leggings is so "soft" that it tears from ordinary use, and in some instances, before it is even removed from the package.

37. Plaintiff purchased LuLaRoe leggings from the retailers, operating for the purposes of this claim as an independent contractor.

38. Plaintiff is not in privity with Defendant.

39. Plaintiff's LuLaRoe leggings had holes in them when she removed them from the package.

40. Plaintiff requested a refund.

41. Plaintiff was told by the retailer that Defendant did not offer refunds for defective products. See above.

42. The defect in the LuLaRoe leggings was present when the leggings left the hands of Defendant.

43. This defect was the direct and proximate cause of injury to Plaintiff and class members.

44. As a direct and proximate result of Defendant's breach of warranty, Plaintiff and other Class members were caused to suffer loss attributable the purchase of the defective product.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty under the UCC)

45. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

46. This cause of action is pled in the alternative to the First Claim for Relief (Breach of Implied Warranty in Tort).

47. Defendant made specific descriptions of the goods as well as affirmations of fact and promises in the form of marketing representations about the leggings, as stated above.

48. The affirmations of fact made by Defendant were made to induce Plaintiff and the putative class members to purchase the products.

49. Plaintiff and the putative class members relied on Defendant's affirmations in purchasing the products.

50. All conditions precedent to Defendant's liability under the warranty have been performed by Plaintiff and the putative class members or have been waived.

51. Defendant knew there were problems with the leggings. Once again, Defendant's head of production has stated that 'the leggings may get holes because we weaken the fibers to make them buttery soft and that we have done all we can to fix them. The best solution would be to no longer use the brushing technique. But then they're not buttery soft.'

52. Defendant breached the terms of the express warranty because the products did not conform to the description provided by Defendant, to wit: Defendant's acknowledged "special brushing" manufacturing and processing technique used to make the leggings "buttery soft" actually weakens the fibers in these leggings, causing them to rip, tear, and form holes nearly immediately.

53. As a result of Defendants' breach of warranty, Plaintiff and the putative class members have been damaged in the amount to be determined according to proof at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

54. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

55. This claim is asserted in the alternative on behalf of Plaintiff and the putative members of Class, to the extent that the warranties do not govern all of Plaintiff's and Class members' claims.

56. Plaintiff and the members of the Class conferred a benefit on Defendant, of which benefit Defendant had knowledge. By their wrongful acts and omissions described herein,

including selling the leggings, Defendant was unjustly enriched at the expense of Plaintiff and the members of the Class.

57. Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

58. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the leggings.

59. Plaintiff and the members of the Class seek disgorgement from Defendant and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendant from their wrongful conduct.

## FOURTH CLAIM FOR RELIEF
### (Fraud)

60. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

61. Defendant represented that its LuLaRoe leggings could be worn in the presence of others.

62. For example, at www.lularoe.com/adult-legging/, Defendant stated with respect to LuLaRoe leggings: "They're as close to your own skin as you can get with all of the perks of, ahem, not being naked. You can sport them at your favorite Pilates class or throw on some cute booties, and wear them out for a girls night! Your LuLaRoe leggings will be a great statement piece wherever you are!"

63. Plaintiff and class members purchased the LuLaRoe leggings based on the representation that the leggings were appropriate to wear around others.

64. The representation that the LuLaRoe leggings could be worn around others was material to the purchase decisions of Plaintiff and class members.

65. If Plaintiff and class members had known that a defect in the leggings would cause them to tear, making them inappropriate for wearing around others, they would not have purchased them.

66. Defendant knew that its representations about its LuLaRoe leggings were false, and that, in fact, the material of the leggings was too "soft" and was likely to tear.

67. Defendant intended for Plaintiff and class members to rely on the representation that the leggings were fit to wear around others.

68. Plaintiff and class members justifiably relied on that representation.

69. Plaintiff and class members' reliance on Defendant's false representation was the proximate cause of their injuries.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For compensatory damages;

3. For punitive damages;

4. For disgorgement and/or restitution;

5. For reasonable costs and attorney fees necessarily incurred herein pursuant to common law and/or statutory law;

6. For such other or further relief as this Honorable Court deems Plaintiff and the class entitled.

Respectfully submitted,

*/s/ Frank A. Bartela*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
    *nfiorelli@dworkenlaw.com*
    *fbartela@dworkenlaw.com*


*/s/Nolan T. James Jr.*
Nolan T. James Jr, Esq. (#0090279)
**NOLAN JAMES LEGAL GROUP LTD.**
16651 Selby Cir
Strongsville, OH 44136
(330) 237-9999
Email: *nolan@nolanjameslaw.com*


Attorneys for Plaintiff